Barbara ZUBROW, Plaintiff–Appellant,

v.

SOLVAY PHARMACEUTICALS, INC., Defendant–Appellee.

No. 06–1107–cv.

United States Court of Appeals, Second Circuit.

Nov. 30, 2006.

**38**

Keith A. Yagaloff, South Windsor, CT, for Plaintiff–Appellant.

W. Christopher Arbery, Hunton & Williams, LLP, Atlanta, GA, Eric L. Sussman, Day, Berry & Howard, LLP, Hartford, CT, for Defendants–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Barbara Zubrow appeals from a February 3, 2006 order (Eginton, *J.*), granting defendant's motion for summary judgment and dismissing her claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and various provisions of Connecticut law. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal.

A district court's award of summary judgment is reviewed de novo. *Nora Beverages v. Perrier Group of Am.*, 164 F.3d 736, 742 (2d Cir.1998). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). For summary judgment purposes, a "genuine issue" exists where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor. *Nabisco v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir.2000). All inferences regarding the evidence must be drawn in favor of the nonmoving party. Mere speculation and conjecture, however, are insufficient to avoid the granting of summary judgment. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990).

Zubrow's claims of religious and age discrimination under Title VII, the ADEA, and the Connecticut Fair Employment Practices Act ("CFEPA"), CONN. GEN.STAT. § 46a–60, are governed by the *McDonnell Douglas* three-part burden shifting framework. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *Sample v. Wal–Mart Stores, Inc.*, 273 F.Supp.2d 185, 189 (D.Conn.2003) (citing *Brittell v. Dep't of Correction*, 247 Conn. 148, 164, 717 A.2d 1254 (1998)). Assuming that Zubrow can meet her initial burden of establishing a prima facie case, which is doubtful even though her burden at this stage is minimal, the evidence she has offered is insufficient to demonstrate that the defendant's proffered legitimate reasons for her dismissal are pretextual, much less to satisfy plaintiff's " 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against' " her for reasons prohibited by law. *Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir.2000) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

The plaintiff failed to raise below her other asserted causes of action arising under federal law. For that reason, we decline to consider on appeal her hostile work environment claim or her claim of retaliatory discharge under either Title

---

* The Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

VII or the ADEA. *See Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994).

We also hold that summary judgment is appropriate as to the remainder of Zubrow's claims under state law. With respect to her claim under Connecticut's whistleblower statute, CONN. GEN.STAT. § 31–51m, the statements Zubrow identifies as the reason for her termination were not made to a "public body." As a result, the plaintiff cannot, as a matter of law, prevail on this claim. *See Lowe v. Ameri-Gas, Inc.,* 52 F.Supp.2d 349, 360 (D.Conn. 1999). As to her claim under CONN. GEN. STAT. § 31–51q, the comments Zubrow cites as protected speech did not address a matter of public concern. The plaintiff therefore cannot, as a matter of law, prevail on this claim. *See Lowe,* 52 F.Supp.2d at 359; *see also Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 143 (2d Cir.1993).

We have considered petitioner's remaining claims and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.